This case is before the court on the motion of plaintiff, Summit Timber Company, for judgment, wherein plaintiff requests that this court adopt the recommended findings of fact and conclusions of law of Trial Judge Wood. The government does not oppose and has not taken exception to the trial judge’s report. The trial judge found that plaintiff owns timber land adjacent to a national forest. Defendant mistook the boundary and marked it on a line well within plaintiffs property. Defendant invited bids for clear cutting of its timber up to the erroneous line. Plaintiff accepted the erroneous line as correct, was high bidder, and cut some of its own timber supposing it was the government’s. Defendant, having discovered the error, has refunded the stump-age paid for plaintiffs own timber, less reforestation costs. But plaintiff wants breach damages. It was obliged to sell the timber in the domestic market, whereas, had it known the timber was its own, it could have sold at higher prices for export. Trial Judge Wood determines that plaintiff is entitled to breach damages for reasons he states. By the procedure normally used in case of a report not excepted to, and contemplated in the present report, we would state that *685 we agreed with the report, adopt it as our own, and enter judgment on entitlement in accordance with it.
This court would not have necessarily adopted the legal conclusions of the trial judge, as we doubt if warranties by the government in a timber sale include one that the offeree does not already own the timber offered, although the government has not excepted to the recommended conclusion that a breach occurred. Should that conclusion be binding on us, a determination of the quantum of damages would be all that remained. This court, however, has not been advised of the intentions of the parties in pursuing that quantum determination.
Defendant is of course entitled to settle claims without our concurrence when it wishes to do so. When, however, the court is asked to approve and adopt as its own a trial judge’s report that leaves only quantum to be determined, it is in effect asked to certify that a plaintiff is entitled to be settled with. We will do that only if satisfied that a plaintiff is so entitled: i.e., in this case to recover more than a refund of stumpage less reforestation costs. As of now we are not so satisfied.
The court, therefore, directs each party within 30 days to file concurrently with this court a statement of how it views the report and how it intends to proceed. Each party shall indicate whether it plans to negotiate a settlement without trial; and whether the government’s failure to take exception can be treated as a confession or stipulation of liability which would not require this court to rule on the legal merits of that liability but would require a remand under Rule 131(c) for a determination of quantum only.
IT IS SO ORDERED.